IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3059 |
| | ) | |
| v. | ) | |
| | ) | |
| MAURICIO LUNA-ARANDA, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before me for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody ("§ 2255 motion") filed by the defendant, Mauricio Luna-Aranda (filing 58).[1] The motion will be denied.

## I.  BACKGROUND

    Despite the fact that the defendant filed only one motion, the background of two cases should be considered.  I briefly recite that background next.

---

[1]When a § 2255 motion is forwarded to a judge,

> [t]he judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

*This Case–4:06CR3059*

In this case, the defendant entered a plea of guilty to illegal reentry after deportation.  (Filing 12 (petition to enter a plea of guilty), filing 13 (plea agreement), filing 14 (report and recommendation), filing 17 (transcript of plea hearing) and filing 18 (order adopting report and recommendation and finding the defendant guilty).)  The offense conduct occurred on March 21, 2006.  (Filing 27 at CM/ECF page 1 (judgment).)

The plea agreement provided, among other things, that the government would make a 2-level "fast track" departure if the defendant agreed to do certain things in return.  (Filing 13 at CM/ECF page 2 ¶ 3.)  To obtain that departure, the defendant specifically agreed not to make "blanket" objections to criminal history, the defendant agreed not to make a motion for downward departure, the defendant agreed to waive deportation and the defendant waived "his right to appeal . . .any aspect of this case . . . ."  (*Id.*)

Prior to departure, the defendant's total offense level was 21 and his criminal history was III.  (Filing 40 at CM/ECF page 21 (transcript of sentencing hearing).)  That resulted in a custodial Guidelines range of 46 to 57 months in prison.  (*Id.*)  With a 2-level departure, the range was 37-46 months.  (*Id.* at CM/ECF page 22.)

The plea agreement also provided that a sentencing enhancement applied to the defendant.  This was because the defendant "acknowledges" that "he was convicted of an aggravated felony before his deportation."  (Filing 13 at CM/ECF page 2 ¶ 4.)

While the defendant initially objected to the 16-level enhancement associated with an earlier alien smuggling charge (discussed in more detail below), he withdrew the objection after counsel evaluated the evidence against him regarding that earlier charge.  (Filing 40 at CM/ECF page 20-21 (transcript of sentencing hearing).)  I

-2-

specifically asked the defendant whether he agreed with the withdrawal of the objection, and the defendant stated that he did agree. (*Id.* at 21.)

On September 20, 2006, I sentenced the defendant to a term of imprisonment of 41 months to run consecutive to the sentence imposed in 8:06CR181. (Filing 27 at CM/ECF page 2.) The defendant appealed and his counsel filed an *Anders* brief, but the Court of Appeals dismissed the appeal without reaching the merits finding that the defendant had waived his right to appeal when he signed the plea agreement. (Filing 55 (opinion of the Court of Appeals).) The mandate was filed on December 19, 2007. (Filing 57.) Soon thereafter, this 2255 motion (filing 58) was filed.

Julie B. Hansen is an experienced and capable Assistant Federal Public Defender. She represented the defendant during the original prosecution.

### *The Related Case–8:06CR181*

Because it is related, I take judicial notice of the case appearing at 8:06CR181. That case was originally prosecuted and conviction obtained in Arkansas. However, the case was transferred here so that I could handle the petition that was filed as a result of the violation of supervised release evidenced by the charge in 4:06CR3059 (this case). (Filing 1 (transfer of jurisdiction papers) and filing 4 (petition for an offender under supervision) (both in case 8:06CR181).) In other words, because the defendant violated the federal law in Nebraska, he also violated his conditions of supervised release in the federal case that originated in Arkansas. As a result, it made sense for one judge to resolve both cases.

In Arkansas, the defendant pled guilty to knowingly transporting illegal aliens in return for money and on June 15, 2005 he was sentenced to time served plus three years of supervised release. (Filing 1 (Arkansas judgment) at CM/ECF pages 8-10

-3-

(in case 06CR181).)  The offense conduct for the Arkansas conviction occurred on February 13, 2005.  (*Id.* at CM/ECF page 8.)

After the transfer to this court, the defendant admitted that he had violated his Arkansas conditions of supervised release by committing the 2006 illegal reentry that resulted in this Nebraska case.  (Filing 4 (petition for an offender under supervision) and filing 9 (minute entry regarding revocation hearing) in 06CR181.)

On September 20, 2006 (the same day I sentenced the defendant in the main case), I sentenced the defendant 06CR181 to 10 months in prison to run consecutive with the sentence imposed in 06CR3059.  (Filing 11 in 06CR181.)  I imposed no period of supervised release to follow.  (*Id.*)  Under the Guidelines, the range for custody purposes was 4 to 10 months.  (Filing 12 in 06CR181.)  The defendant did not appeal.

Once again, Ms. Hansen represented the defendant in the revocation proceedings.  As indicated earlier, no 2255 motion has been filed in 06CR181.

## II.  ANALYSIS

The defendant raises four ineffective assistance of counsel claims.  (Filing 58 at CM/ECF page 4 (ground one), at CM/ECF page 5 (ground two), at CM/ECF page 7 (ground three) and at CM/ECF page 8 (ground four).)  After examining the record, it is obvious that none of them have merit.  In fact, they border on the frivolous.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different."  *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington*, 466 U.S.

-4-

668, 688, 694 (1984)).  The court need not address both components if the movant makes an insufficient showing on one of the prongs.  *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

When a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial."  *Nguyen*, 114 F.3d at 704 (*quoting Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings."  *Id.* at 703 (internal quotations and citation omitted).

*Grounds One and Two:*
*Defense Counsel Promised a Sentence of 12 to 18 Months*

For grounds one and two, the defendant claims that his counsel promised that if he pleaded guilty he would receive a sentence of between 12 to 18 months.  (Filing 58 at CM/ECF pages 5-6 (motion), filing 59 at CM/ECF page 5 (brief).)  These claims have no merit.

Under oath, the defendant told Judge Piester that he had been promised nothing beyond what was set out in the written plea agreement to get him to plead guilty. (Filing 17 at CM/ECF page 20 (plea hearing transcript).)  Nothing in the plea agreement spoke about a sentence of between 12 to 18 months.  In fact, the defendant

-5-

told Judge Piester that no one told him that he "would get a lenient sentence by pleading guilty." (*Id.*) These statements to Judge Piester were also repeated in writing in the defendant's petition to enter a plea of guilty. (Filing 12 at CM/ECF pages 12-13 ¶¶ 36-38.) The defendant has not reconciled his sworn statements made in court with the claim that he makes now. As a result, I give no credence to the defendant's claim that a promise was made to him.

Still further, the defendant has made no meaningful attempt to show that he would have rejected the plea agreement and proceeded to trial had the alleged promise not been made. Given that status offenses like the offense of conviction are nearly impossible to defend, there is no reason to believe that the defendant would have insisted on a trial had the alleged statement not been made. Indeed, had the defendant insisted on a trial with the inevitable conviction that would have resulted, he would have lost the 2-level "fast track" departure and he would have lost a 3-level reduction for acceptance of responsibility. Few, if any, rational people would have made such a silly wager.

In summary, the defendant has not shown any evidence of malpractice or prejudice. I therefore reject his first and second claim.

*Grounds Three and Four:*
*Defense Counsel Failed to Object at Sentencing*

For grounds three and four, the defendant claims that his counsel failed to object to the presentence report, that counsel failed to object to a sentencing enhancement and that counsel failed to object to the Guidelines being treated as a mandatory rather than advisory. (Filing 58 at CM/ECF pages 7-8 (motion), filing 59 at CM/ECF pages 9-10 (brief).) Like the first two claims, these claims can be dealt with very briefly.

-6-

First, defense counsel did object to the presentence report, but withdrew the objection with the defendant's express agreement. (Filing 40 at CM/ECF page 20-21 (transcript of sentencing hearing).)   Second, the defendant agreed in his plea agreement that he would be subject to the sentencing enhancement for the prior commission of an aggravated felony. (Filing 13 at CM/ECF page 2 ¶ 4.) Besides, it is beyond dispute that his earlier conviction for alien smuggling required such an enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(vii) (2005) (where a person is convicted of unlawfully entering the United States, an increase of 16 levels is required if the defendant was previously deported after a conviction for an alien smuggling offense).  Third, the defendant received a sentence *below* the advisory Guidelines range as a result of the "fast-track" departure and, as I made clear at sentencing, the Guidelines were treated as advisory.  (Filing 28 (Statement of Reasons) at CM/ECF page 2 ¶ VB1 ("Fast-track" departure) and CM/ECF page 4 ¶ VIII ("Recognizing that the Guidelines are advisory . . . .").)  Again, the defendant has not come close to showing that his capable and devoted lawyer erred or that any such error prejudiced him.

IT IS ORDERED that the motion under 28 U.S.C. § 2255 (filing 58) is denied. A separate judgment will be issued.

DATED this 7th day of March, 2008.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

-7-